UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

JOHN D. KICK                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:16-CV-P74-TBR

PRISONER TRANSPORT SERVICES et al.                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff, John D. Kick, filed a *pro se* complaint.  This matter is before the Court for

screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir.

1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons set

forth below, the action will be dismissed in part and allowed to proceed in part.

## MOTION TO AMEND

Before turning to the merits of the complaint, the Court will consider Plaintiff's "Motion

to Amend Complaint and Relief Request" (DN 12).  In that motion, Plaintiff moves to amend the

relief requested portion of his complaint to increase the amount of compensatory and punitive

damages he requests, to add a request for fees, and to add a request for various injunctive relief.

Because service has not yet occurred, the Court **GRANTS** Plaintiff's motion (DN 12).  *See* Fed.

R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within: [] 21

days after serving it.").

## I. SUMMARY OF CLAIMS

At the time Plaintiff filed his complaint, he was incarcerated in Wisconsin.[1]  However,

his allegations involve his transportation as a prisoner by Prisoner Transport Services, LLC

(PTS) between January 26 and February 5, 2016, while being extradited from Toledo, Ohio, to

Wisconsin.  This transportation included a stay at one of PTS's holding hubs in Hopkinsville,

---

[1] Since then, Plaintiff has notified the Court of a change of address that indicates that he is no longer incarcerated.

Kentucky.[2]  He names as Defendants PTS, Hopkinsville Kentucky County Jail, and Hopkinsville Kentucky County Executive.[3]

Plaintiff states that between January 26 and January 28 he was "forced to sit on a bench in the rear of the van with no type of back support whatsoever, for hours on end while wearing a waist chain, hand cuffs and leg irons, at times I/we were forced to urinate in plastic water drinking bottles and let them roll around on the floor."

Plaintiff next states that on January 27th he and other prisoners were taken to the Elkhart, Indiana, county jail for a 12-hour layover, but were not allowed to shower.  He states that they were then picked up by the same PTS employees and arrived at Hopkinsville on January 28th.

Plaintiff states that upon arrival at the Hopkinsville County Jail he was strip-searched in front of other inmates with the instruction to "'lift my unit, sack, turn around squat, spread my buttocks and cough.'"  He was then put on the floor of a gymnasium with a mat and a blanket, but still no shower.  He states that on January 29th he was moved to a dorm where there was a shower but no shower shoes were provided and he was forced to stand barefoot in the shower "subjecting me to athlete's foot and/or other possible diseases, such as Hepatitis C, etc." Plaintiff further alleges that he was not allowed to shave or to receive any mail, make phone calls, or communicate with his attorney.

Finally, Plaintiff alleges that on February 4, 2016, he was again picked up by PTS. However, this time the van had a bench seat with a backrest and two blankets were provided to

---

[2] Plaintiff originally filed this action in the United States District Court for the Eastern District of Wisconsin.  That court transferred this action to this court as the proper venue.  *See* DN 8.
[3] Hopkinsville is located in Christian County, Kentucky.

each inmate.  The transport officers on this van (who were not the same as previously) told the inmates not to urinate in the water bottles.[4]

Plaintiff alleges violations of his Sixth, Eighth, and Fourteenth Amendment rights.  As relief, he requests compensatory and punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Conditions on the PTS van

Plaintiff states that between January 26 and January 28 he was "forced to sit on a bench in the rear of the van with no type of back support whatsoever, for hours on end while wearing a

---

[4] Plaintiff also submitted the affidavit of another prisoner, Chad Grubbs, who describes his experience being transported by PTS (DN 7).  Mr. Grubb's experience with PTS occurred in March and April 2016 while being transported from California to Wisconsin.

waist chain, hand cuffs and leg irons, at times I/we were forced to urinate in plastic water drinking bottles and let them roll around on the floor." However, according to the complaint, at least 12 hours of that time period was spent at the Elkhart, Indiana, county jail for a "layover." Plaintiff alleges that on February 4, 2016, he was again picked up by PTS, but this time the van had a bench seat with a backrest. The transport officers on this van told the inmates not to urinate in the water bottles, stating "'please don't urinate in the water bottles because if stopped the Department of Transportation can and will issue a $10,000.00 fine.'"

Municipal-liability law applies to § 1983 claims against a private corporation like PTS. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City*

4

*of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, it is clear that there was no policy of Defendant PTS to have vans with no back rests or to not allow bathroom breaks and, instead, require prisoners to urinate in bottles. Neither of those things occurred during Plaintiff's transport after his stay in Hopkinsville. Plaintiff has therefore failed to allege a custom or policy and, therefore, has failed to state a claim against Defendant PTS.

Nor does the deprivation about which Plaintiff complains rise to the level of a constitutional violation. "[T]he Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets." *Abdur-Reheem-X v. McGinnis*, No. 99-1075, 1999 WL 1045069, at *2 (6th Cir. Nov 12, 1999). The United States Supreme Court has recognized

5

"a deprivation of bathroom breaks that created a risk of particular discomfort and humiliation"

can violate the Eighth Amendment's prohibition against cruel and unusual punishment.  *Hope v.*

*Pelzer*, 536 U.S. 730, 738 (2002).  However, the complained-of conditions here do not meet this

standard.  *See id*. (holding where prison guards handcuffed inmate to hitching post for disruptive

behavior, despite his having already been subdued, and knowingly subjected him to a substantial

risk of physical harm, to unnecessary pain caused by the handcuffs and restricted position of

confinement for a seven-hour period, to unnecessary exposure to the heat of the sun, to

prolonged thirst and taunting, and to a deprivation of bathroom breaks that created a risk of

particular discomfort and humiliation, the Eighth Amendment was violated); *see also Tate v.*

*Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003) ("forcing a person in the custody or under the

control of state authority to publicly soil themselves" may constitute an Eighth Amendment

violation).  While not ideal, Plaintiff was not forced to soil himself.

### *Denial of shower, a shave, and shower shoes*

Plaintiff alleges that during a 12-hour layover in the Elkhart, Indiana, jail he was not

allowed to shower.  He further alleges that on January 29th he was moved to a dorm in the

Hopkinsville Jail where there was a shower but no shower shoes were provided and he was

forced to stand barefoot in the shower "subjecting me to athlete's foot and/or other possible

diseases, such as Hepatitis C, etc."

Claims of pretrial detainees regarding the conditions of confinement are analyzed under

the same rubric as Eighth Amendment claims brought by prisoners.  *Villegas v. Metro. Gov't of*

*Nashville*, 709 F.3d 563, 568 (6th Cir. 2013).  The Eighth Amendment requires prison officials to

provide inmates with minimal civilized measures of life's necessities, and conditions of

confinement which involve wanton and unnecessary infliction of pain will violate the Eighth

Amendment.  *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir. 1984).  To raise a viable constitutional jail-condition claim, Plaintiff must show a deprivation of an identifiable human need—a deprivation of life's necessities, such as food, warmth, exercise, clothing, shelter, sanitation, medical care, or personal safety and not just conditions which "are restrictive and even harsh."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The Supreme Court has held that "extreme deprivations are required to make out a conditions-of-confinement claim."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The conditions cited by Plaintiff do not meet the "extreme deprivation" requirement, and there is nothing in the complaint to indicate these conditions inflicted wanton and unnecessary punishment upon Plaintiff.  At most, Plaintiff went a few days without a shower or shave and had to take one shower without shower shoes.  *See Villegas*, 709 F.3d at 568 (noting that the Sixth Circuit has concluded deprivation of a shower and personal hygiene items for a brief period, *i.e.*, six days, is not actionable).

Moreover, Plaintiff does not state that he suffered any physical injury from the incident. An inmate may not seek damages for emotional distress or mental suffering without a prior showing of a physical injury, which is more than *de minimis*.  42 U.S.C. § 1997e(e); *see Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).  For these reasons, Plaintiff's conditions-of-confinement claims will be dismissed for failure to state a claim.

### *Access to attorney during transportation*

Plaintiff alleged that during the time he was in transit he was not allowed to receive mail, make phone calls, or communicate with his attorney.  Assuming without deciding that this

alleged Sixth Amendment violation occurred pursuant to a custom or policy, this claim must be dismissed because Plaintiff has not alleged a constitutional violation.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. const. amend. VI. This right includes the right to communicate with one's criminal-defense attorney while confined awaiting trial. *See Maine v. Moulton*, 474 U.S. 159, 170 (1985).

However, here, Plaintiff's inability to contact his attorney was for a brief period of time, eleven days. He does not allege that his criminal defense was prejudiced by the inability to communicate with his attorney during this period. It is unclear what harm could have occurred since during this time Plaintiff was not available for court appearances, so no hearings or trial could have taken place during this time. Moreover, if he did suffer harm in the form of wrongful conviction, such claim would not accrue until such time as the conviction is invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, the Court will dismiss this claim for failure to state a claim.

### *Strip search*

Plaintiff states that upon arrival at the Hopkinsville County Jail he was strip-searched in front of other inmates with the instruction to "'lift my unit, sack, turn around squat, spread my buttocks and cough.'" It appears that Plaintiff has alleged that this strip search occurred pursuant to a custom or policy of the jail.

The Sixth Circuit has held that a visual strip search is "an offense to the dignity of the individual" and is "undoubtedly humiliating and deeply offensive to many." *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 577-73 (6th Cir. 2013) (internal quotation marks and citations omitted). The Sixth Circuit has also recognized that where a strip search is performed in the

presence of others, such a strip search is considered "more invasive" than one conducted in private. *Id.* at 573.

The Court will allow this claim to go forward. In doing so, the Court notes that the proper Defendant is Christian County because the jail is not an entity which is suable. Hopkinsville County Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Christian County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). The Court will therefore construe the claims against the Hopkinsville County Jail as brought against Christian County.

## III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims regarding conditions on the PTS van and for being denied showers, a shave, shower shoes, and access to his attorney during the period of time he was being transported are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The Clerk of Court is **DIRECTED** to terminate Prisoner Transport Services, LLC as a Defendant.

The Clerk of Court is **DIRECTED** to substitute Christian County as a Defendant for the Hopkinsville Kentucky County Jail and the Hopkinsville Kentucky County Executive.

The Court will enter a separate Scheduling Order to govern the development of the remaining claim, *i.e.*, Plaintiff's claim against Christian County concerning his strip search in front of other inmates.  In allowing that claim to go forward, the Court expresses no opinion on the ultimate merit of that claim.

Date:

cc:      Plaintiff, *pro se*
         Defendants
4413.009

10