UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00074-TBR


JOHN D. KICK,                                                                    PLAINTIFF

v.

CHRISTIAN COUNTY, KENTUCKY,                                      DEFENDANT


**MEMORANDUM OPINION**

John D. Kick, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action alleging violations of his Sixth, Eighth, and Fourteenth Amendment rights. [DN 1; DN 12.] Following this Court's initial review pursuant to 28 U.S.C. § 1915A, Kick's only remaining allegation is an Eighth Amendment violation against Defendant Christian County, Kentucky. [DN 16 at 8–9.] Defendant now moves for summary judgment as to that claim. Because there is no genuine dispute of material fact, and Defendant is entitled to judgment as a matter of law, its Motion for Summary Judgment, [DN 23], is **GRANTED**.


BACKGROUND

This suit arises out of events that occurred during Kick's transport from Toledo, Ohio, to Kenasha, Wisconsin between January 26, 2016 and February 5, 2016 by Prisoner Transport Services, LLC. [DN 1 at 1–3 (Complaint).] On January 28, during a stop along the journey to Wisconsin, Kick arrived at the Christian County Jail in Hopkinsville, Kentucky, where he alleges he was strip-searched in the presence of another inmate when he was told to "lift [his] unit, sack, turn around squat, spread [his] buttocks and cough." [*Id.* at 4.]

King brought the instant suit on March 21, 2016 against Prisoner Transport Services, the Hopkinsville, Kentucky County Jail, and the Hopkinsville, Kentucky County Executive, alleging

violations of his Sixth, Eighth, and Fourteenth Amendment rights. [*Id.* at 1, 5.] The only claim that withstood the Court's initial review under 28 U.S.C. § 1915A was Kick's allegation of an unlawful strip search against Christian County, Kentucky, [DN 16 at 8–9], which now moves for summary judgment, [DN 23 (Motion for Summary Judgment).] More than four months later, Kick has not responded to Defendant's motion.

STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the party moving for summary judgment, Defendant must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Kick's claims. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming Defendant satisfies its burden of production, Kick "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show

specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324.

When, as here, the nonmoving party decides not to file a response, the Court still holds "the moving party to the burden established by the plain language of [Civil] Rule 56." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). In other words, the Court cannot "grant summary judgment in favor of the movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Instead, the Court is required, at a minimum, "to examine the movant's motion for summary judgment to ensure that he has discharged [his] burden." *Id.* In performing its task, though, the Court may "rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Guarino*, 980 F.2d at 410. It need not "comb the record from the partisan perspective of an advocate for the [nonmoving] party." *Id.*

## DISCUSSION

Kick sues Christian County under 42 U.S.C. § 1983 for violating his Eighth Amendment rights. [*See* DN 1 at 1–5; DN 12 at 1.] In its motion for summary judgment, Christian County claims that it is entitled to judgment in its favor for three reasons. First, it argues it is immune from suit under the doctrine of sovereign immunity. [DN 23-1 at 2–3 (Memorandum in Support of Motion for Summary Judgment).] Second, it argues that Kick failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA). [*Id.* at 3–4.] Third, it argues that it is entitled to summary judgment as to Kick's strip search claim because Kick has failed to offer any evidence to show that a strip search actually occurred or that, if it did occur, that it was administered in an unlawful manner. [*Id.* at 4.]

With regard to state law claims for damages, Kentucky counties "share[ ] the [sovereign] immunity of the Commonwealth of Kentucky." *Lotton v. Se. Indiana Gov't*, No. 6:14-CV-175-GFVT, 2015 WL 429549, at *2 (E.D. Ky. Feb. 2, 2015), *appeal dismissed* (Dec. 18, 2015) (citing *Franklin Cty., Ky. v. Malone*, 957 S.W.2d 195, 203 (Ky. 1997) ("[I]t is well settled that in the absence of waiver, the county is immune from tort liability."), *overruled on other grounds by Com. v. Harris*, 59 S.W.3d 896 (Ky. 2001) *and Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001)). By contrast, "in federal cases, counties are considered municipal entities for sovereign-immunity purposes." *Dennison v. Ky. Dep't of Corr.*, No. 3:14-CV-P679-DJH, 2015 WL 1957079, at *3 n.4 (W.D. Ky. Apr. 29, 2015) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations.") (internal citations omitted)). And "[i]n order for a . . . municipality to be held 'liable under § 1983,' there must be proof that, 'through its deliberate conduct, it was the moving force behind the injury alleged.'" *King v. Storm*, No. 6:15-CV-00172-GFVT, 2017 WL 2174959, at *9 (E.D. Ky. May 17, 2017) (quoting *Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 751 (6th Cir. 2015)).

To evaluate Kick's claim, the Court must determine "(1) whether [Kick]'s harm was caused by a constitutional violation; and (2) if so, whether [Christian County] is responsible for that violation. *Dennison*, 2015 WL 1957079, at *4 (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992)). Christian County cannot be responsible for Kick's alleged "constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id.* at *3 (citing *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978)).

Kick has not established that the alleged strip search of his person violated his constitutional rights. As an initial matter, Kick pled his claim as an Eighth Amendment violation. [*See* DN 1 at 5.] The Sixth Circuit has made clear that allegations of unlawful strip searches under the Eighth Amendment, absent accompanying allegations of physical injuries resulting therefrom, are impermissible under § 1997e(e) of the PLRA. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (Plaintiff did not "suggest that he was subjected to any physical injury whatsoever as a result of the strip-searches. Rather, [he] claims a mental or emotional injury as a result of the strip-searches. Title 42 U.S.C. § 1997e(e) precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'"); *Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010) ("[O]ur precedent demonstrates that, absent injury related to the strip search, [an] Eighth Amendment claim is not cognizable under § 1997e(e).")

However, "[*p*]*ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Martin v. Overton,* 391 F.3d 710, 712 (6th Cir. 2004)). Accordingly, the Court will also consider whether, in the Fourth Amendment context, Kick's allegations establish a constitutional violation.

Determining the reasonableness of a strip search under the Fourth Amendment "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Dobrowolskyj v. Jefferson Cty., Ky.*, 823 F.2d 955, 957 (6th Cir. 1987) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). Applying this standard, the Sixth Circuit has found reasonable

policies requiring strip searches of "[a]ll newly admitted inmates . . . immediately prior to the movement of the inmate to rear security," *id.* at 956, and policies requiring "strip-searching [of] inmates who were moved from another institution." *Herrington*, 393 F. App'x at 355.

In his affidavit, the Jailer at the Christian County Jail, Brad Boyd, states that the Christian County Jail "maintains a policy regarding strip searches, which permits a strip search based on reasonable suspicion . . . This policy is strictly adhered to." [DN 23-2 at 1 (Affidavit of Brad Boyd).] Here, Kick alleges in his complaint that, upon arriving at the Jail, he "was required to be stripsearched where [he] was instructed by jail staff (in view of another inmate) to 'lift [his] unit, sack, turn around squat, spread [his] buttocks and cough.'" [DN 1 at 4.] Kick has provided the Court with no additional facts surrounding this search, and he did not respond to Defendant's motion for summary judgment. However, Kick acknowledges in his complaint that the alleged search took place "[w]hen [he] arrived at the [Christian] County Jail." [*Id.*]

The Sixth Circuit has specifically noted that "strip searches under various circumstances, including 'transport from or through an area to which the public may have access,' [such] as upon transport from one detention facility to another," meet the Fourth Amendment's reasonableness requirement. *Herrington*, 393 F. App'x at 355. Accordingly, "[w]here, as here, [Kick] has provided no evidence of any specific unreasonable action taken by [the Jail] in the strip search context, we find this is an objective circumstance under which the institution may set security procedures including strip searches of the transferred inmates." *Id.* Because Kick has not established a constitutional violation, Christian County is entitled to judgment as a matter of law, and the Court need not reach the second issue of whether Christian County was responsible for an alleged constitutional violation. Additionally, because the Court finds that Kick's claims fail on the merits, the Court need not address whether Kick exhausted his administrative remedies.

CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment, [DN 23], is **GRANTED**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

Date:

cc:     Counsel